UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHARON JONES,<br><br>                 Plaintiff(s),<br><br>    v.<br><br>SOUTHWEST GAS CORPORATION,<br><br>                 Defendant(s). | Case No. 2:18-CV-1142 JCM (DJA)<br><br>ORDER |

Presently before the court is Southwest Gas Corporation's ("defendant") motion to strike *pro se* plaintiff Sharon Jones's ("plaintiff") response. (ECF No. 29). In the alternative, defendant moves to extend time to file a reply brief to plaintiff's response. (ECF No. 30).

Defendant moved for summary judgment on May 30, 2019. (ECF No. 24). Plaintiff's response was due by June 20, 2019. Plaintiff filed a response on August 9, 2019—fifty days after the deadline to do so had passed. (ECF No. 28).

Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any motion constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. LR 7-2(d). However, the Ninth Circuit has held that a court cannot grant a summary judgment motion merely because it is unopposed. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (a district court cannot grant a motion for summary judgment based merely on the fact that the opposing party failed to file an opposition). Consequently, Local Rule 7-2(d) specifically exempts motions for summary judgment from the general rule. LR 7-2(d).

Further, the Ninth Circuit has clearly established that "public policy favor[s] disposition of cases on their merits." *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). The court also

**James C. Mahan**
**U.S. District Judge**

tends to "afford greater latitude as a matter of judicial discretion" to pro se litigants. *Ricotta v. California*, 4 F. Supp. 2d 961, 986 (S.D. Cal. 1998); *see also* Michenfelder v. Sumner, 860 F.2d 328, 338 (9th Cir. 1988) ("In light of the latitude we prefer to allow pro se plaintiffs . . . ."); *McCabe v. Arave*, 827 F.2d 634, 640 (9th Cir. 1987) ("[C]ourts are to make reasonable allowances for pro se litigants and to read pro se papers liberally.").

Consequently, the court finds good cause to make an allowance for plaintiff's late filing. Defendant's motion to strike plaintiff's response is denied for that reason. Because of the untimely filing of the response, equity requires that defendant be given more time to reply. As a result, defendant's motion to extend time is granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to strike plaintiff's response (ECF No. 29) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to extend time (ECF No. 30) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant shall file a reply to plaintiff's response by September 4, 2019.

DATED August 22, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**